IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Rompsen Mortgage Limited Partnership, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.: 18-CV-6196 |
| v. ) | |
| ) | Honorable Elaine E. Bucklo |
| BGC Holdings, LLC – Arlington Place One, et al., ) | |
| ) | Magistrate Judge: Honorable Jeffrey Cole |
| Defendants. ) | |
| ) | |
| Youna Mechanical, Inc., an Illinois corporation, ) | |
| ) | |
| Intervening Plaintiff, ) | |
| v. ) | |
| ) | |
| BGC Holdings, LLC – Arlington Place One, et al., ) | |
| ) | |
| Defendants. ) | |

**INTERVENING PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT**

Intervening Plaintiff, Youna Mechanical, Inc. ("Plaintiff"), by and through its undersigned counsel, hereby moves for entry of final judgment of against Defendant BGC Holdings, LLC – Arlington Place One, pursuant to Fed. R. Civ. P. 54(b). In support, Plaintiff states as follows:

**INTRODUCTION**

1. Intervening Plaintiff seeks entry of final judgment against Defendant BGC Holdings, LLC – Arlington Place One on Count II of Intervening Plaintiff's Complaint, for breach of contract, in accordance with the judgment this Court previously entered on May 26, 2021, entering judgment in the amount of $46,707.50, which amount includes interest at the contract rate through the date of judgment. (Dkt. 178.)

**BACKGROUND**

2. On May 15, 2019, Plaintiff filed its Intervening Complaint to Foreclose Mechanics Lien and for Other Relief asserting a claim to foreclose its mechanics lien (Count I) and for breach of contract (Count II). (Dkt. 54.)

3. Count I, to foreclose mechanics lien, was directed against defendants BGC Holdings, LLC – Arlington Place One ("BGC-Arlington"), Samuel Bobby, and Rompsen Mortgage Limited Partnership, who had an apparent interest in the real property at issue in the claim for lien.

4. Count II, for breach of contract, was directed against BGC-Arlington and Samuel Bobby.

5. On January 26, 2021, the bankruptcy court entered a discharge order as to defendant Samuel Bobby. Order of Discharge, Dkt. 48, *In re Samuel K. Bobby*, Case No. 20-18447 (N.D. Ill.).

6. On May 26, 2021, this Court granted summary judgment in Plaintiff's favor and against defendant BGC-Arlington on Count II, the breach of contract claim. (Dkt. 178.)

7. On June 23, 2021, this Court dismissed Count I as moot, as this Court had entered a judgment of foreclosure in favor of Rompsen Mortgage Limited Partnership (Dkt. 57.) with regard to the same real property at issue in Intervening Plaintiff's claim for mechanic's lien, thereby extinguishing the mechanic's lien.

**LEGAL STANDARD**

8. Rule 54(b) provides that "[w]hen an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer

than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

9. "A judgment is considered "final" if "it is an ultimate decision of an individual claim entered in the course of a multiple claims action." *Ind. Harbor Belt R. Co. v. Am. Cyanamid Co.*, 860 F.2d 1441, 1444 (7th Cir. 1988).

**ARGUMENT**

10. Here, this Court's grant of summary judgment in Plaintiff's favor and against BGC-Arlington for breach of contract ultimately decided Count II, as it resolved the claim against the only remaining defendant against whom judgment could be entered on the claim.

11. In deciding where there is "no just reason for delay," courts "must take into account judicial administrative interests as well as the equities involved." *Maher v. Rowen Grp., Inc.*, No. 12 C 7169, 2015 WL 4111426, at *11 (N.D. Ill. July 7, 2015), quoting *Curtiss-Wright Corp. v. Gen'l Elec. Co.*, 446 U.S. 1, 8, 100 S. Ct. 1460, 1465 (1980).

12. Here, all of the Intervening Plaintiff's claims have been fully and finally adjudicated. The only remaining issue in the case are the Defendants' appeal of this Court's orders approving and confirming the judicial sale of the property that was the subject of a mortgage that Rompsen Mortgage Limited Partnership extended to certain of the Defendants. Intervening Plaintiff is not a party to the appeal.

13. There is no reason in law or equity for Intervening Plaintiff to remain in this litigation, there is no need for this Court to spend its administrative interests on Intervening Plaintiff's claims, and thus there is no just reason to delay entry of final judgment against Defendant BGC-Arlington on Count II of the Intervening Plaintiff's complaint, for breach of contract.

WHEREFORE, Intervening Plaintiff, Youna Mechanical, Inc., respectfully requests this Court enter final judgment against Defendant BGC Holdings, LLC – Arlington Place One on Count II of Intervening Plaintiff's Complaint, for breach of contract, in accordance with the judgment this Court previously entered on May 26, 2021, entering judgment in the amount of $46,707.50, which amount includes interest at the contract rate through the date of judgment. (Dkt. 178).

Dated: October 8, 2021

Respectfully submitted,

YOUNA MECHANICAL, INC.

By: /s/ Julia L. Mohan
Edward L. Filer (#6208892)
efiler@ralaw.com
Julia Mohan (#716091)
jmohan@ralaw.com
30 N. LaSalle Street, Suite 2800
Chicago, IL  60602
312.580.1200

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 8, 2021, she caused a copy of the foregoing to be filed and served via this Court's CM/ECF system, which automatically sends notice to all counsel of record.

By: /s/ Julia L. Mohan
*One of the Attorneys for Intervening Plaintiff Youna Mechanical, Inc.*